Day, C. J.
Did the defendants perfect their appeal to the Probate Court ? It is claimed they did not, by reason of the failure of the auditor to transmit the papers and *64 transcript of the record before the commissioners to the-Probate Court.
There can be no appeal in any case except as provided by statute, and in each class of cases where it is granted, the statute prescribes the mode of perfecting it. The act of April 8, 1856 (S: & C. 1301), authorizes an appeal from the final order of the county commissioners establishing,, altering, or vacating a county road, and prescribes the proceedings to be had after the appeal. All it requires a party to do, “in order to perfect such an appeal,” is to-file a bond with the auditor, as provided by the third section of the act, within twenty days after the order was entered. This was done by the defendants. They had nothing more to do to “perfect” the appeal. Long v. Hitchcock, 3 Ohio, 272. The execution of the order of the commissioners was thereby suspended until the action of the-Probate Court in the case. To secure speedy action in the-case thus appealed, the fourth section of the act requires the auditor, within ten days after the filing of the bond, to-transmit the original papers and transcript of the record of the proceedings before the commissioners to the Probate-Court; and the probate judge is .required to forthwith docket the case and set it for hearing, which must not be-later than twenty days after such “ docketing of the appeal.” These are acts to be performed in the case, not by the parties, but solely by the officers of the law. In neither of them is the time of their performance jurisdictional, nor is one party more than the other responsible for their performance within the time directed by the statute. All was done, then, that is required to transfer the jurisdiction, of the case, by appeal, to the Probate Court.
It is claimed, however, that the appeal must fail because it is not specified whether the appeal was from an order vacating or establishing a road, or from an assessment of damages. As to the latter ground of objection it is only necessary to say that nothing appears in the record in relation to damages; so no appeal could be taken from an assessment of damages. The order appealed from was a *65 single order on both the petition to vacate and the petition to establish a road, and the order made the granting of one dependent on the granting of the other; the appeal, therefore, no special entry being made to the contrary, took up the case made by each petition. They were united in the order, and, of necessity, were united in the appeal. Nor could the object of the appeal be accomplished in any other way.
The fifth section of the act requires the Probate Court “to affirm the orders of the commissioners,” if it shall, appear upon the hearing that the proceedings of the commissioners are, “ in substance, regular and legal but, if the court finds them to be “ substantially erroneous,” it is; required to set them aside and order another view, etc.
Were the proceedings of the commissioners substantially regular and legal? This question was answered in the-affirmative by the Probate Court and by the Court of Common Pleas. Therein we think both courts erred. There-were two petitions presented to the commissioners; one-for the establishment of a new road, the other for the vacation of an old road. They were distinct and independent proceedings, requiring in some respects different modes of procedure. The commissioners treated them as if they were neither the one nor the other, but united them, as-if together they made one proceeding for the alteration of a road. But there was no petition for the alteration of a road, nor was any ease made for the mere alteration of a, road. To meet the difficulty, however, the commissioners, at the session at which the petitions were presented (March, 1868), appointed viewers, and issued an order requiring them to meet on the 20th of the same month and view the road sought to be vacated, and report their opinion in favor of or against its vacation; and, if in favor of vacation, then to view the road sought to be established with a view to its location. Thus the establishment of the new road was made dependent on the vacation of the old one. But the statute providing for the vacation of a county road *66 requires that the petition therefor “ shall be presented and fully read at a regular session of the commissioners, and no other proceedings shall be had thereon until the next .session of the commissioners, when it shall again be read .as aforesaid;” and, if objections to the vacation of the road .are presented, the commissioners shall then appoint viewers, ■etc. S. & C. 1294. But without waiting until the next session, the commissioners appointed viewers at the same session at which the petition to vacate was presented. At the next session of the commissioners in June, remonstrances against the vacation of the road were duly presented; but the commissioners, without then appointing viewers as required by law, proceeded to make the order ■of vacation which was appealed from. This, to say the least, was clearly irregular, and was done without the authority of law. The order establishing the new road was made dependent on the vacation of the old one; if the petition for the one did not succeed, the other was to fail .also. The foundation of the final order of the commissioners, aside from the other defects apparent in the order, having failed for want of legality, the whole order must fall with it.
Moreover, the alteration, vacation or establishing of ■roads is regulated wholly by statutes, which must be .substantially followed, in order that proceedings under them may be regarded valid. We fail to find any warrant in the statute for blending two classes of cases into one, making one entirely dependent on the other, or out of two proceedings of different kinds to make one of still another ■character.
This view of the case renders it unnecessary for us to ■determine whether the Probate Court erred in rejecting the evidence offered by the defendant. Without other evidence than that of the proceedings of the commissioners, ,as shown by the transcript and papers filed, it was the ■duty of the Probate Court to set aside the orders of the commissioners.
It follows that the judgment of the District Court, in *67 reversing tlie judgments of the Common Pleas and Probate Court, must be affirmed. The District Court ought to have proceeded to render the judgment that should have been rendered by the Probate Court, or remanded the case to that court for further proceedings. It does not appear from the record before us that either was done. But no question is made by either party in relation to that matter, and we will leave the case as it was left by the District Court, to be remanded by that court, if further •action in the case is desired by the parties.

Judgment affirmed.

McIlvaine, Welch, Stone, and White, JJ., concurring.